Per Curiam.

On the part of the respondent it is said, that as the witness was put upon the voir dire, the' evidence now produced to show that he was interested is inadmissible. If this evidence had been known at the time of the trial, it would be so ; but as the case proceeds upon the ground of newly discovered evidence, we think it ought to be received. Still it might be questioned whether a new trial should be granted on account of the inadmissibility of the witness.[1] The evidence however goes further. It shows that the defendant and Piper both admitted that the plaintiff had paid the 63 dollars. The testimony of the new witnesses would contradict Piper, and if he were discredited, would support the action. It is then said that this evidence is cumulative ; but we do not consider it to be so. Cumulative evidence is such as tends to support the same fact which was before attempted to be proved. [2] Here the new evidence is to show that Piper confessed he testified what was untrue. This was not in controversy at the trial. Justice requires that a new trial should be granted. [3]

 The discovery of new witnesses to impeach the testimony of a witness examined on the former trial, is not sufficient ground to grant a new trial. Dickenson v. Blake, 7 Bro. P. C 177; Halsey v. Watson, 1 Caines’s R. 24; Rowley v. Kinney, 14 Johns. R. 186. See Keen v. Sprague, 3 Greenl. 77; Haskell v. Beckett, 3 Greenl. 92. But it is held a good cause for granting a new trial, that one of the witnesses of the party in whose favor the verdict is, has been convicted of perjury in the cause. Great Falls Manuf. Co. v. Mathes, N. Hampsh. R. 574; Morrell v. Kimball, 1 Greenl. 322.

 See People v. Superior Court of New York, 10 Wendell, 285

 See Gardner v. Mitchell, ante, 116, notes 1,2.